UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRANDON L. FRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-399-TAV-CCS |
| | ) | |
| CPL. COLLINS, C/O HENSLEY, | ) | |
| C/O LANE, C/O JACKSON, | ) | |
| C/O JOHN DOE, CAPTAIN GIBBSON, | ) | |
| CPL. BRANDON FOSTER, | ) | |
| LT. TOSHIA RIDENOUR, | ) | |
| SGT. PEDDICORD, DODD DONIVAN, | ) | |
| RACHEL RUBY, NURSE MARGIE, | ) | |
| NURSE QWEN, SHAWN PHILLIPS, | ) | |
| LYNNDY HOUSTON, and | ) | |
| DERRICK SCHOFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

The Court is in receipt of a *pro se* complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 3], an application for leave to proceed *in forma pauperis* [Doc. 1], and a motion to appoint counsel [Doc. 2]. Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the $350.00 filing fee nor has he submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff has not submitted a certified copy of his inmate trust account for the previous six-month period.

Plaintiff shall have thirty (30) days from the date of this Order to pay the full filing fee or to submit the necessary documents. The Clerk is **DIRECTED** to send Plaintiff an application to proceed *in forma pauperis*. Plaintiff is hereby **NOTIFIED** that if he fails to fully comply with this Order within the time required, the Court shall presume that Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution.

As to Plaintiff's motion to appoint counsel, the appointment of counsel in a civil proceeding is not a constitutional right, but rather a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). After careful consideration of the complaint, its complexity, and Plaintiff's ability to represent himself, the Court finds that exceptional circumstances warranting appointment of counsel do not exist. *Id.* at 606. Accordingly, Plaintiff's motion to appoint counsel [Doc. 2] is **DENIED**.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE