UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRANDEN L. FRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:15-CV-399-TAV-CCS |
| | ) | |
| CPL. COLLINS, C/O HENSLEY, | ) | |
| C/O LANE, C/O JACKSON, | ) | |
| C/O JOHN DOE, CAPTAIN GIBBSON, | ) | |
| CPL. BRANDON FROSTER, | ) | |
| LT. TOSHIA RIDENOUR, | ) | |
| SGT. PEDDICORD, DODD DONIVAN, | ) | |
| RACHEL RUBY, NURSE MARGIE, | ) | |
| NURSE QWEN, SHAWN PHILLIPS, | ) | |
| LYNNDY HOUSTON, and | ) | |
| DERRICK SCHOFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM</u>**

This is a pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983.  This matter is before the Court upon postal return of an order the Court mailed to Plaintiff at the address Plaintiff provided to the Court.  The postal authorities returned the mail to the Court more than ten days ago with the envelope marked "RETURN TO SENDER, OUT" [Doc. 9 p. 3].  Accordingly, it is clear that Plaintiff has failed to provide the Court with notice of his correct address and, without his correct and current address, neither the Court nor Defendants can communicate with him regarding his case.  The Court previously ordered Plaintiff to inform the Court and Defendants or their counsel of record of any address changes immediately and also warned Plaintiff that failure to provide a correct address within ten days may result in the dismissal of this action [Doc. 8 p. 10].

Accordingly, this action will be **DISMISSED** for failure to comply with orders of the Court and for want of prosecution. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE